McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
973-622-7711
Attorneys for Plaintiff,
The Guardian Life Insurance Company of America

CLOSED

| | |
|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>CRYSTAL CLEAR INDUSTRIES, LESLIE CLEMENTE, CRAIG EGERMAN, and CATHERINE CHAIRENZA,<br><br>                Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.:<br><br>Case 2:11-cv-03062 (FSH) (PS) |

### CIVIL ACTION – ORDER ENTERING DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b)(2) AND GRANTING INTERPLEADER RELIEF TO THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

**THIS MATTER**, having been opened to the Court upon application of McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for plaintiff, The Guardian Life Insurance Company of America ("Guardian"), and upon notice to Crystal Clear Industries ("Crystal") and Leslie Clemente, Craig Egerman, and Catherine Chairenza (collectively referred to as "Defendants"), and the Defendants having failed to answer or otherwise respond, and the Court having reviewed and considered the application and all materials submitted herewith and all pleadings and proceedings to date, and the Court being fully informed:

IT IS on this 21st day of February, 2013,

**ORDER, ADJUDGED AND DECREED** that the Defendants having failed to respond to either the complaint or this motion in a timely manner, and the Clerk having entered default against Crystal Clear, Leslie Clemente, and Craig Egerman pursuant to Fed. R. Civ. P. 55(B)(2) on August 31, 2012 and against Catherine Chairenza pursuant to Fed. R. Civ. P. 55(B)(2) on September 13, 2012 , the Court hereby grants default judgment pursuant to Fed. R. Civ. P. 55(b)(2) in favor of Guardian, as and against Defendants Crystal Clear Industries, Leslie Clemente, Craig Egerman, and Catherine Chairenza; and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendants are compelled to litigate, adjust and/or settle among each other their respective and lawful entitlement to the life insurance benefits arising under and pursuant to Policy Number 3158644 issued by Guardian (the "Policy") on account of the death of Carolyn Egerman, deceased (the "Decedent"), or upon their failure to do so, this Court to settle and adjust the claims and determine to whom the within life insurance benefits should be paid; and it is further

**ORDERED AND DECREED** that the net death benefit of $15,749.00 due under the Policy minus the allowance for Guardian's attorneys' fees and costs as set forth in this Order, shall be paid to the Clerk of the Court, District of New Jersey; and it is further

**ORDERED, ADJUDGED AND DECREED** that Guardian shall be wholly and completely discharged and absolved from any further liability, of whatsoever nature, to each of the parties hereto and any other claimant to the life insurance benefits arising under and pursuant to the Plan, on account of the death of the Decedent; and it is further

**ORDERED, ADJUDGED AND DECREED** that Guardian and its employees, agents, officers, directors, shareholders, attorneys, parent and affiliated corporations, predecessors and

successors-in-interest, subsidiaries and assigns are released and discharged from any and all liability, suits, debts, judgments, dues, sums and/or cause of action, whether at law or in equity, to any person, entity, claimant, party to this action or otherwise for any and all life insurance benefits arising under and pursuant to the Policy on account of death of Decedent; and it is further;

**ORDERED, ADJUDGED AND DECREED** that the parties hereto are permanently restrained and enjoined from instituting and/or prosecuting any other suit, cause of action of civil proceeding in any state, federal or other court of competent jurisdiction against Guardian seeking life insurance benefits or asserting damage claims arising under the Plan, on account of the death of the Decedent; and it is further

**ORDERED, ADJUDGED AND DECREED** that Guardian be and hereby shall be awarded a portion of the attorneys' fees and costs Guardian has incurred in the amount of $10,000.00, which will be paid out of the life insurance benefits to be deposited with the Clerk of the Court; and it is further

**ORDERED, ADJUDGED AND DECREED** that Guardian is dismissed from this action with prejudice and without any further liability in connection with the Plan and the life insurance benefits due thereunder as a result of the death of the Decedent; and it is further

**ORDERED, ADJUDGED AND DECREED** that a copy of this Order and Judgment shall be served upon all parties within seven (7) days of receipt thereof; and it is further ORDERED that this case is CLOSED.

_____
HON. FAITH S. HOCHBERG, U.S.D.J.

3